UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROMAN, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-3118 |
| IDOC DIRECTOR DONALD STOLWORTHY, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

MICHAEL M. MIHM, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center regarding an incident in Pontiac on August 11, 2014. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**Allegations**

Plaintiff alleges that, on August 11, 2014, Plaintiff was on his way to the segregation yard, carrying his prescription eyeglasses because he intended to ask another inmate for help interpreting a court order. Correctional Officer Hasten was patting down the inmates before they entered the yard. Officer Hasten allegedly grabbed Plaintiff's eyeglasses out of Plaintiff's hand, breaking the frames, and placed the eyeglasses on a table. Plaintiff retrieved his glasses, whereupon Officer Hasten allegedly bent Plaintiff's right wrist and hand "all the way back to [Plaintiff's] shoulder blades" and took back the eyeglasses. (Compl. p. 24.) Plaintiff's requests for immediate medical attention were ignored, but Plaintiff's attached medical records reflect that he did see a medical professional the same day, though he was not provided with the x-ray he requested. The medical records also show that Plaintiff was provided acetaminophen and instructed to return if symptoms

worsened. (Compl. p. 26.) The records also appear to show that a new frame was ordered for Plaintiff's eyeglasses. (Compl. p. 27.)

Officer Hasten wrote Plaintiff an allegedly false disciplinary report for possessing unauthorized eyeglasses and disobeying a direct order. Plaintiff was found guilty and was punished with two months of grade demotion. (Compl. p. 36.) Plaintiff's appeals to higher authorities were unsuccessful.

## Analysis

The Eighth Amendment prohibits the use of excessive force against prisoners. Excessive force in the Eighth Amendment context is the "'unnecessary and wanton infliction of pain,'"—force applied "'maliciously and sadistically for the very purpose of causing harm'" rather than force applied in a "'good faith effort to maintain or restore discipline.'" Sanchez v. City of Chicago, 700 F.3d 919, 927 n. 3 (7th Cir. 2012)(quoted cite omitted).

At this early stage, the Court cannot rule out the possibility of an Eighth Amendment excessive force claim, though further development of the facts may show that the force used by Officer Hasten was reasonably necessary to regain possession of the eyeglasses.

The Eighth Amendment also prohibits deliberate indifference to a prisoner's serious medical needs, but no plausible inference arises on these allegations that Plaintiff had a serious medical need or that anyone was deliberately indifferent. That Plaintiff's request for an x-ray was refused does not allow a plausible inference that he actually needed an x-ray or that he had a serious medical need.

Next, Plaintiff states no constitutional claim based on his discipline. Plaintiff was punished with only two months of grade demotion, which is not a severe enough punishment to amount to the deprivation of a constitutionally-protected liberty interest. *See* Whitford v. Boglino, 63 F.3d 527 n. 7 (7th Cir. 1995)("demotion to C grade for six months did not implicate prisoner's federal due process rights.").

Thus, the only claim that is proceeding is Plaintiff's excessive force claim against Officer Hasten. The other Defendants cannot be held liable simply for failing to accept Plaintiff's version of accounts or refusing to take corrective action. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007)("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the

violation."); <u>Soderbeck v. Burnett County</u>, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

**IT IS THEREFORE ORDERED:**

    1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment excessive force claim against Officer Hasten. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    All other claims not identified in paragraph one above are dismissed for failure to state a claim.

    3)    All Defendants except for Officer Hasten are dismissed for failure to state a claim.

    4)    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13) **The clerk is directed to terminate all Defendants except for Defendant Hasten.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

16) **Plaintiff's motion for appointed pro bono counsel is denied (5).** Plaintiff appears competent to proceed pro se in light of the simple nature of his claim. He has personal knowledge of the alleged excessive force, and he has already identified a witness to the alleged force. Plaintiff may renew his motion for counsel on a more developed factual record, setting forth his educational level, any jobs he has had inside or outside of prison, any classes he has taken in prison, and his litigation experience in state and federal court.

17)   **Plaintiff's motion for status is denied as moot (6).**

ENTERED:  6/15/2016

FOR THE COURT:

**s/Michael M. Mihm**
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
